UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

EOTECH, LLC,

    Plaintiff,

v.

JC AIRSOFT, LLC and
JACKY CHEUNG NG,

    Defendants.

_____/

Case No: _____

## COMPLAINT

Plaintiff EOTECH LLC complains as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this civil action to stop Defendants' illegal infringement of Plaintiff's federally registered trademarks and sale of counterfeit goods in violation of § 32 of the Federal Trademark (Lanham) Act, 15 U.S.C. §§ 1051 *et seq.*; counterfeiting of Plaintiff's federally registered trademarks in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d) and 1117(b)-(c); trademark infringement of Plaintiff's unregistered trademarks in violation of 15 U.S.C. § 1125; false designation of origin, passing off and unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. §1125(a)); and related state and common law claims arising from defendants' infringement of EOTECH's Trademarks (as defined *infra*), including, without limitation, by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling unlicensed, noncompliant, infringing and/or counterfeit weapons products and accessories (collectively hereinafter referred to as, "Unauthorized Product(s)").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. §§ 1331 and 1338, as well as 15 U.S.C. § 1121.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) because the state law claims asserted hereunder are so closely related to the federal claims brought in this Action as to form part of the same case or controversy.

4. This Court has personal jurisdiction over Defendants because Defendants market, advertise, and sell the Unauthorized Products directly to consumers located within this District.

5. Venue for this action is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District.

## THE PARTIES

6. Plaintiff is a limited liability company organized and existing in the State of Michigan.

7. Defendant JC Airsoft, LLC is a limited liability company organized and existing in the State of Florida that actively engaged and engages in sales activities to customers located inside the State of Michigan, this judicial district, and worldwide including via its internet website https://jcairsoftofficial.com.

8. Defendant Jacky Cheung NG is an individual residing and/or working in Florida, and is a member of Defendant JC Airsoft, LLC. Jacky Cheung is also the Registered Agent and is listed in records filed with the Florida Secretary of State as the Owner of JC Airsoft, LLC.

## GENERAL ALLEGATIONS

### About EOTECH Generally:

9. EOTECH is a company with its roots in the 1972 creation of the Environmental Research Institute of Michigan (ERIM) in Ann Arbor, Michigan. ERIM grew out of military and

environmental research, contributing to the development of remote sensing, radar, and holography applications. In 1986, ERIM presented holography weapon sight prototypes to the United States Army for use with helicopter gunships and anti-aircraft artillery.

10. In 1995, ERIM subsidiary EOTECH was created to apply holographic technology to small firearms sights. Since then, EOTECH's Holographic Weapon Sights have been designed, developed and manufactured in the United States for the most sophisticated of users, including United States military units, foreign government military units, and numerous law enforcement agencies.

11. In 1996 and 2001, EOTECH won the Optic of the Year Award from the Shooting Industry Academy of Excellence for its Holographic Weapons Sights.

12. In 2001, EOTECH was chosen as the preferred close-quarter optic of choice by the United States Special Operations Command and the United States Marine Corps.

13. Over the years through extensive advertising and quality products, EOTECH has become the preeminent manufacturer of firearm sights, including holographic sights.

**EOTECH's Valuable Intellectual Property:**

14. EOTECH's intellectual property portfolio is extremely valuable.

15. EOTECH has taken steps to protect its valuable rights, such as registering numerous trademarks for its brand name and logo, and for the design of its firearm sight products on the Principal Register of the United States Patent and Trademark Office.

16. In addition, EOTECH has a registration on the Supplemental Register of the United States Trademark Office (Reg. No. 3,868,846) that has gained secondary meaning. Through EOTECH's continuous use of Reg. No. 3,868,846 since at least as early as 2010, the public has come to associate this trademark with EOTECH and its firearm sight products, as evidenced by

EOTECH's extensive sales. Reg. No. 3,868,846 is used on EOTECH's 5 series products, which have been purchased over 500,000 times since 2011, creating revenue in excess of $180 million. EOTECH's acquired secondary meaning in Reg. No. 3,868,846 is further supported by Defendant's unauthorized copying as described below.

17. The EOTECH trademarks include:

| Mark | Reg. No. | Reg. Date |
|---|---|---|
| EOTECH | 2,070,175 | June 10, 1997 |
| (logo) | 5,223,943 | June 13, 2017 |
| (product image) | 5,148,734 | February 28, 2017 |
| (product image) | 5,148,731 | February 28, 2017 |

|  | 3,868,846 | October 26, 2010 |
|---|---|---|
|  | 3,906,328 | January 18, 2011 |

(collectively, the "EOTECH Trademarks").  A true and correct copy of the registrations for the EOTECH Trademarks are attached hereto as **Exhibit A** and incorporated herein by reference ("EOTECH Registrations").

18.     The EOTECH Registrations for the EOTECH Trademarks are valid, subsisting and incontestable.  They have not been abandoned, revoked, or cancelled.

19.     The EOTECH Trademarks are inherently distinctive and highly valuable. EOTECH has invested substantial time, effort, and money in developing and promoting public recognition of the EOTECH Trademarks, which have been in continuous use since as early as January 1996.

<strong><u>The Importance of Safety in Firearms Accessories:</u></strong>

20.     For obvious reasons, firearms accessories must meet certain safety requirements.

21.     EOTECH takes great care to ensure that its firearms sights and accessories are safe for users.

22.     Fake firearms accessories are unsafe and can injure users.

23. It is important that the firearms users who believe they have purchased and are utilizing genuine, legitimate and safe EOTECH products in fact are not using fake and unsafe knockoff products.

**Defendants' Unsafe Illegal Knockoff EOTECH Products:**

24. On or about April 6, 2021, EOTECH became aware that Defendant Cheung, through his entity JC Airsoft, was selling unauthorized knockoffs of EOTECH firearm sights (the "Unauthorized Products") on its internet website https://jcairsoftofficial.com. For example:



25. As shown above, defendants reproduced EOTECH's word mark (Reg. No. 2,070,175) and its design mark (Reg. No. 5,223,943) directly on the Unauthorized Products for the express purpose of deceiving consumers into believing they are authentic EOTECH products.

26. Neither defendant has ever been authorized or licensed by EOTECH to sell its products or to reproduce any of the EOTECH Trademarks.

6

27. Moreover, upon investigation after discovering the unauthorized knockoffs described above, EOTECH learned that Defendants had received complaints from customers regarding Defendants' sale of fake EOTECH products. For example, on March 5, 2021, a customer complained that Defendants were selling EOTECH knockoffs on the Better Business Bureau website:



28. Again, on March 22, 2021, a customer complained about Defendants' false and unlawful business practices on the Better Business Bureau internet website:



29. In late March, a Reddit poster stated he purchased an EOTECH sight from Defendants:



Defendants were never authorized to sell EOTECH products. Moreover, the poster appears to acknowledge Defendants' website is selling counterfeit goods. The EOTECH firearm sight referenced in the Reddit post is the same unauthorized knockoff listed on Defendants' website.

8

30. The same Reddit thread contained a post stating a customer received a counterfeit EOTECH sight on or about April 17, 2020:

> **AlexMichael5150** 3 days ago
> Hey dude, I ordered it about 3 weeks ago, got confirmation emails from Liam, and it arrived yesterday. Nice Eotech box, durable, and pretty convincing. The Eotech 558 lights up well, gets pretty bright, glass is ok, and it feels sturdy. I have not fired any rounds with it, yet. So far, I like it. I'll try to remember to update this after I put a couple hundred rounds down range. But, maybe give them another couple weeks.
> If you like, message me and I'll tell you what I can about it.
>
> ↑ 1 ↓   Reply  Share  Report  Save

31. EOTECH sent a cease and desist letter to Defendants on April 6, 2021.

32. On April 7, 2021, Defendant Cheung responded that Defendants are not currently selling EOTECH-branded products.

33. This was a false statement intended to mislead EOTECH.

34. While Cheung responded that defendants were no longer *currently* selling unauthorized EOTECH products, it is undisputable that prior to April 6, 2021, Defendants were actively engaged in blatant infringement of the EOTECH's Trademarks as well as counterfeiting and unfair competition. It is further undisputed that Defendants were at least shipping knockoff, counterfeit EOTECH products after Cheung falsely represented otherwise on April 7, 2021.

35. Defendants' brazenly unlawful activities resulted in numerous instances of consumer confusion and misidentification as to source or affiliation between the two companies.

36. Moreover, the extent of Defendants' unlawful activities is unknown and, on information and belief, Defendants' unlawful practices will continue apace as soon as they believe that EOTECH's scrutiny has passed.

## COUNT I
### Trademark Infringement under the Lanham Act § 32(a), 15 U.S.C. § 1114(a)
### (All Defendants)

37. EOTECH repleads and incorporates all above paragraphs as if fully set forth herein.

38. EOTECH owns the EOTECH Trademarks and EOTECH Registrations.

39. EOTECH has continuously used the EOTECH Trademarks in interstate commerce since at least 2010.

40. EOTECH, as the owner of all right, title, and interest in and to its EOTECH Trademarks and EOTECH Registrations, has standing to maintain an action for trademark infringement under § 32 of the Lanham Act, 15 U.S.C. § 1114.

41. Defendants did not seek, and failed to obtain, the consent or authorization of EOTECH as owner of the EOTECH Trademarks, and the EOTECH Registrations thereof, to deal in and commercially manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, and/or sell Unauthorized Products into the stream of commerce.

42. Defendants knowingly and intentionally manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, and/or sold Unauthorized Products, bearing and/or utilizing marks that are reproductions, counterfeits, copies, and/or colorable imitations of the EOTECH Trademarks and/or that are identical or confusingly similar to the EOTECH Trademarks.

43. Defendants knowingly and intentionally reproduced, copied, and colorably imitated the EOTECH Trademarks and applied such reproductions, copies, or colorable imitations on firearm sights used in commerce upon, or in connection with, the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or sale of Defendants' Unauthorized Products.

44. Defendants were, at the time they engaged in their illegal and infringing actions as summarized herein, actually aware that EOTECH is the owner of the EOTECH Trademarks and EOTECH Registrations.

45. Defendants' improper use of the EOTECH Trademarks has caused confusion, and will likely continue to cause confusion, to cause mistake, or to deceive consumers as to the source or origin of the Unauthorized Products and is likely to deceive the public into believing that Defendants' Unauthorized Products are Licensed Products, or are otherwise associated with, or authorized by EOTECH.

46. Defendants' actions have been deliberate and committed with knowledge of EOTECH's rights and goodwill in the EOTECH Trademarks, as well as with bad faith and the intent to cause confusion, mistake and deception.

47. Defendants' continued, knowing and intentional use of the EOTECH Trademarks, without EOTECH's consent or authorization, constitutes intentional infringement of EOTECH's federally registered EOTECH Trademarks in violation of §32 of the Lanham Act, 15 U.S.C. § 1114.

48. As a direct and proximate result of Defendants' illegal and infringing actions, EOTECH has suffered substantial monetary loss and irreparable injury to its business, reputation, and rights in and to the EOTECH Trademarks and goodwill associated therewith, for which it has no adequate remedy at law, and thus, unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss and damage to EOTECH.

49. Based on Defendants' actions as summarized herein, EOTECH is entitled to injunctive relief, damages for the injury that EOTECH has sustained, and will sustain, as a result of Defendants' illegal and infringing actions, and all gains, profits and advantages obtained by

Bodman_17684213_1

Defendants as a result thereof, enhanced discretionary damages, as well as other remedies provided by 15 U.S.C. §§ 1116, 1117, and 1118, and reasonable attorney's fees and costs.

## COUNT II
### Trademark Counterfeiting under the Lanham Act, 15 U.S.C § 1114(b), 1116(d), and 1117(b)-(c)
### (All Defendants)

50. EOTECH repleads and incorporates all above paragraphs as if fully set forth herein.

51. EOTECH is the owner of the EOTECH Trademarks and EOTECH Registrations.

52. Without the consent or authorization of EOTECH, and having knowledge of EOTECH's well-known and prior rights in and to the EOTECH Trademarks and having knowledge that Defendants' Unauthorized Products bear counterfeit marks, Defendants intentionally reproduced, copied, and/or colorably imitated the EOTECH Trademarks and/or used spurious designations that are identical with, or substantially indistinguishable, from one or more of the EOTECH Trademarks on or in connection with the manufacturing, import, export, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Unauthorized Products.

53. Defendants have manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, retailed, offered for sale, and/or sold their Unauthorized Products to the purchasing public in direct competition with EOTECH, within or affecting interstate commerce, and/or have acted with reckless disregard of EOTECH's rights in and to the EOTECH Trademarks, through their facilitation, financing and/or participation in such activities.

54. Defendants have applied its reproductions, counterfeits, copies, and colorable imitations of the EOTECH Trademarks to packaging, point-of-purchase materials, advertisements, and/or promotions intended to be used in commerce upon, or in connection with, the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, display,

offering for sale, and/or sale of Unauthorized Products, which is likely to cause confusion, mistake, and deception among the general purchasing public as to the origin of the Unauthorized Products, and is likely to deceive consumers, the public and the trade into believing that the Unauthorized Products sold by Defendants originate from, are associated with or are otherwise authorized by EOTECH.

55. Defendants' unauthorized use of the EOTECH Trademarks on or in connection with the Unauthorized Products was done with notice and full knowledge that such use was not authorized or licensed by EOTECH and with the deliberate intent to unfairly benefit from the incalculable goodwill inherent in the EOTECH Trademarks.

56. Defendants' actions constitute willful counterfeiting of EOTECH's Trademarks in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d), and 1117(b)-(c).

57. As a direct and proximate result of Defendants' illegal actions as summarized herein, EOTECH has suffered substantial monetary loss and irreparable injury to its business, reputation, and rights in and to the EOTECH Trademarks and goodwill associated therewith, for which it has no adequate remedy at law, and thus, unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss and damage to EOTECH.

58. Based on Defendants' actions as summarized herein, EOTECH is entitled to injunctive relief, damages for the irreparable harm that EOTECH has sustained and will sustain as a result of Defendants' illegal actions, as summarized herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages, treble damages, and/or statutory damages of up to $2,000,000 per counterfeit mark per type of goods sold, offered for sale, or distributed, and reasonable attorney's fees and costs.

**COUNT III**
**False Designation of Origin, Passing Off & Unfair Competition under**
**the Lanham Act § 43(a), 15 U.S.C. § 1125(a)**
**(All Defendants)**

59. EOTECH repleads and incorporates all above paragraphs as if fully set forth herein.

60. EOTECH is the owner of the EOTECH Trademarks and EOTECH Registrations.

61. Defendants knowingly and willfully used in commerce marks that are identical or confusingly similar to and constitute reproductions of EOTECH's EOTECH Trademarks, and affixed, applied, and used false designations of origin and false and misleading descriptions on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or sale of Unauthorized Products with the intent to cause confusion, to cause mistake and to deceive the purchasing public into believing, in error, that Defendants' substandard Unauthorized Products are Licensed Products and/or that Defendants' Unauthorized Products are authorized, sponsored, approved, endorsed, or licensed by EOTECH, and/or that Defendants are affiliated, connected or associated with EOTECH, thereby creating a likelihood of confusion by consumers as to the source of the Unauthorized Products, and allowing Defendant to capitalize on the goodwill associated therewith, and the consumer recognition of the EOTECH Trademarks and Licensed Products, to Defendants' substantial profit in blatant disregard of EOTECH's rights.

62. By manufacturing, importing, exporting and/or assisting and encouraging third parties, including Defendants' third-party manufacturers, to manufacture, import, export and by themselves advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Unauthorized Products using marks that are identical and/or confusingly similar to and/or which constitute colorable imitations of the EOTECH Trademarks, Defendants have traded off of the extensive goodwill of EOTECH and the Licensed Products to

induce and did in fact induce, and intends to, and will continue to induce, customers to purchase Defendants' Unauthorized Products, thereby directly and unfairly competing with EOTECH. Such conduct has permitted, and will continue to permit, Defendants to make substantial sales and profits based on the goodwill and reputation of EOTECH and the EOTECH Trademarks.

63. Defendants knew, or by the exercise of reasonable care, should have known, that their adoption and commencement of, and continuing use in commerce of marks that are identical or confusingly similar to and constitute a reproduction of EOTECH's EOTECH Trademarks would cause confusion, mistake, or deception among purchasers, users and the public.

64. Upon information and belief, Defendants' aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion, to cause mistake and to deceive the purchasing public and with the intent to trade on the goodwill and reputation of EOTECH, its Licensed Products and the EOTECH Trademarks.

65. As a direct and proximate result of Defendants' aforementioned actions, Defendants have caused irreparable injury to EOTECH by depriving EOTECH of substantial licensing and royalty fees and of the value of its EOTECH Trademarks as commercial assets, for which it has no adequate remedy at law, and unless immediately restrained, Defendants will continue to cause substantial and irreparable injury to EOTECH and the goodwill and reputation associated with the value of the EOTECH Trademarks in an amount as yet unknown, but to be determined at trial.

66. Based on Defendants' wrongful actions, EOTECH is entitled to injunctive relief as well as monetary damages and other remedies as provided by the Lanham Act, including damages that EOTECH has sustained and will sustain as a result of Defendants' illegal and infringing

actions as summarized herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages and reasonable attorneys' fees and costs.

### COUNT IV: Fraud
### (Defendant Cheung)

67. EOTECH repleads and incorporates all above paragraphs as if fully set forth herein.

68. Cheung knowingly made false representations of material fact to EOTECH regarding Defendants' continued sale of unauthorized counterfeit EOTECH branded products using some or all of the EOTECH Trademarks.

69. Specifically, Cheung represented that Defendants had ceased all sale of unauthorized counterfeit EOTECH branded products using some or all of EOTECH Trademarks when in fact they had not.

70. Cheung made these false representations of material fact intending EOTECH to rely on said misrepresentations and not take legal action against Defendants for their unlawful actions.

71. EOTECH did rely on Cheung's false representations of material fact until it discovered the falsity of said misrepresentations.

72. As a direct and proximate cause of EOTECH's reasonable reliance on Cheung's false representations of material fact, EOTECH has and will continue to suffer monetary and non-monetary damages through the continued sale and shipping of dangerous, substandard EOTECH counterfeit knockoffs.

### RELIEF REQUESTED

**WHEREFORE**, Plaintiff EOTECH respectfully requests that the Court enter judgment in its favor against Defendants, and that the Court:

A. Enter a preliminary and permanent injunction, pursuant to 15 U.S.C. § 1116(a) prohibiting Defendants and all of their agents, employees, contractors, agents, servants, officers, members, representatives, directors, attorneys, successors, affiliates, assigns, and all entities owned or controlled by Defendants, and/or all other persons acting in concert or participation with Defendants, from: (a) manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Unauthorized Products; (b) directly or indirectly infringing, in any manner, any of EOTECH's trademarks or other rights (whether now in existence or hereafter created) including, without limitation the EOTECH Trademarks; (c) using any reproduction, counterfeit, copy or colorable imitation of EOTECH's trademarks, or other rights (whether now in existence or hereafter created) including, without limitation the EOTECH Trademarks to identify any goods or services not authorized by EOTECH and/or on or in connection with Unauthorized Products; (d) using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, or sold by Defendants with EOTECH, and/or that any such products originate from and/or are sponsored by EOTECH; and (e) engaging in any other act in derogation of EOTECH's rights;

B. Enter an order, pursuant to 15 U.S.C. § 1117(a), awarding EOTECH: (a) Defendants' profits; (b) EOTECH's actual damages; (c) the costs of this action; (d) enhanced discretionary damages as the Court determines to be fair and appropriate; and (e) EOTECH's reasonable attorney's fees (after finding that this is an exceptional case) for Defendants' willful trademark infringement of the EOTECH Trademarks, Defendants' willful and intentional use of

marks or designations, knowing such marks or designations are counterfeit marks in violation of 15 U.S.C. § 1114(1)(a), and false designation of origin and unfair competition under 15 U.S.C. §1125(a);

C.     Enter an order, pursuant to 15 U.S.C. § 1117(b), awarding EOTECH treble damages in the amount of a sum equal to three (3) times Defendants' profits or EOTECH's damages, whichever amount is greater, along with EOTECH's reasonable attorney's fees and prejudgment interest, for Defendants' willful and intentional use of marks or designations, knowing such marks or designations are counterfeit marks in violation of 15 U.S.C. § 1114(1)(a);

D.     In the alternative, if EOTECH so elects prior to the rendering of final judgment, enter an order, pursuant to 15 U.S.C. § 1117(c), awarding EOTECH statutory damages of up to $2,000,000 per mark per type of Unauthorized Products sold, offered for sale, or distributed, as the Court considers just;

E.     Enter an order against Defendant Cheung and awarding EOTECH damages for Cheung's fraudulent acts in an amount to be determined at trial; and

F.     Enter an order awarding EOTECH such other and further relief as the Court deems just and proper.

Dated:  May 18, 2021                              Respectfully Submitted,

                                                  **BODMAN PLC**

                                                  By:    */s/ Stephen P. Dunn*
                                                  Stephen P. Dunn (P68711)
                                                  Justin P. Bagdady (P79764)
                                                  201 W. Big Beaver Road, Suite 500
                                                  Troy, MI 48084
                                                  Tel:   (248) 743-6047
                                                  Fax:   (248) 743-6002 (fax)
                                                  Email: sdunn@bodmanlaw.com

                                                  ***Attorneys for Plaintiff EOTECH LLC***